**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARK J. CONWAY, *as Trustee for* | : | |
| SMITH & MORRIS HOLDINGS, LLC | : | |
| *et al.*, | : | 3:20-cv-1486 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| SCOTT J. SMITH *et al.,* | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**November 17, 2020**

Presently before the Court is Plaintiffs' Motion for Remand (the "Motion"). (Doc. 6). For the reasons that follow, we will deny the Motion. However, upon a *sua sponte* review of our subject matter jurisdiction in light of Plaintiffs' Second Amended Complaint, we must nonetheless remand this action to the Court of Common Pleas of Wayne County, Pennsylvania.

I.     **BACKGROUND**

This matter generally arises out of dispute over a Construction Loan Agreement between Plaintiffs and the Borough of Honesdale, Pennsylvania ("Honesdale"). Plaintiffs filed a complaint on July 29, 2020, in Wayne County the Court of Common Pleas against Honesdale and the nine individuals who served on the Honesdale Borough Council in 2012 and/or 2013. (Doc. 2). Plaintiffs' original

complaint asserted eleven counts against Defendants, including state law claims for fraudulent misrepresentation, intentional nondisclosure, breach of contract, intentional infliction of emotional distress, breach of fiduciary duty, wrongful use of civil proceedings, tortious interference with prospective contractual relations, and a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. (*Id.* at 20–37). Of consequence for the motion *sub judice*, Plaintiffs included a claim that Defendants violated their constitutional rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. (*Id.* at 33–34).

In light of the inclusion of a Section 1983 claim in Plaintiffs' state court complaint, Defendants removed the action to this Court on August 19, 2020. (Doc. 1). The following week, Defendants filed a Motion to Dismiss the Complaint. (Doc. 3). On September 15, 2020, Plaintiffs filed an Amended Complaint, which mooted the pending Motion to Dismiss. (Doc. 5). The Amended Complaint notably did *not* include the Section 1983 claim originally pled in the state court complaint. (Doc. 6 at ¶ 4). That same day, in light of the Amended Complaint that asserted only state law claims, Plaintiffs filed the instant Motion for Remand. (Doc. 6). After filing a brief in opposition, (Doc. 8), Defendants then filed a renewed Motion to Dismiss the Amended Complaint. (Doc. 9). Rather than the motion for dismissal, Plaintiffs on November 13, 2020, filed a Second Amended Complaint, which, like the First Amended Complaint, did not feature any federal

claim and otherwise did not assert any basis for federal jurisdiction.  (Doc. 15).

Because fourteen days have passed without a reply to Defendants' Brief in

Opposition to the Motion for Remand, the Motion is now ripe for our review.

## II.    STANDARD OF REVIEW

A defendant may remove a civil action filed in state court if the federal

district court has original jurisdiction to hear the matter.  *See* 28 U.S.C. § 1441.

Once a case has been removed from state court, however, the federal district court

must remand the case if it appears that there is no subject matter jurisdiction.  *See*

28 U.S.C. § 1447(c).  In determining whether removal is proper, "the removal

statute should be strictly construed and all doubts should be resolved in favor of

remand."  *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir. 1985)

(citations omitted).   "[T]he propriety of remand [must be] decided[ ] on the basis

of the record as it stands at the time the petition for removal was filed."  *Swindell-

Filiaggi v. CSX Corp.*, 922 F. Supp. 2d 514, 521 (E.D. Pa. 2013) (quoting

*Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 123 (3d Cir.

1979)); *see also* S*teel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006,

1010 (3d Cir. 1987) ("Ruling on whether an action should be remanded to the state

court from which it was removed, the district court must focus on the plaintiff's

complaint at the time the petition for removal was filed.").

## III.   DISCUSSION

Defendants, in their Brief in Opposition to the Motion for Remand, argue that because a district court must consider the propriety of removal based on the operative complaint at the time of removal, and because the operative complaint here alleged a federal claim under Section 1983, the Court "clearly had subject matter jurisdiction over [P]laintiffs' complaint." (Doc. 8 at 4). Defendants are correct. We indeed must "focus on the plaintiff's complaint at the time the petition for removal was filed." S*teel Valley Auth.*, 809 F.3d at 1010. Accordingly, because of the presence of a federal claim, Plaintiffs could have initially filed the original complaint in federal court rather than state court. *See* 28 U.S.C. § 1441(a). Defendants' removal of the state court action to this Court was therefore proper, and the Motion for Remand must be denied. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir.1985) ("The defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal ...."); *see also Dailey v. Progressive Corp.*, No. CIV.A. 03-3797, 2003 WL 22794689, at *2 (E.D. Pa. Nov. 12, 2003) ("While Dailey would prefer that we consider the Amended Complaint in our jurisdictional inquiry . . . we must focus on the plaintiff's complaint at the time the petition for removal was filed." (internal quotations and citations omitted).

That is not the end of the matter, though.  Per the explicit instructions of Congress, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); *see also The Knit With v. Aurora Yarns*, No. 09-cv-5981, 2010 WL 844739, at *3 (E.D. Pa. Mar. 11, 2010) ("Remand is mandatory and can occur at any time during the litigation if the court determines that it lacks federal subject matter jurisdiction.").  "[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt."  *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)).  We will therefore review the Second Amended Complaint *sua sponte* to determine whether we can continue to exercise subject matter jurisdiction over this action. *See Nockenofsky v. Arbonne Int'l, LLC*, No. 18CV02708PGSLHG, 2018 WL 4909894, at *2 (D.N.J. Oct. 10, 2018) (remanding case after initially denying motion for remand and then *sua sponte* reviewing the amended complaint, which, like here, was filed while the motion for remand was pending before the court).

 Since this case was removed to this Court, Plaintiffs have subsequently filed two amended complaints.  (Docs. 5, 15).  Both of those complaints lack the federal hook of the original complaint—the Section 1983 claim—that initially prompted removal by Defendants.  The Second Amended Complaint (now the operative

complaint) does not set forth any basis for federal jurisdiction.  There is no federal claim alleged: the Second Amended Complaint sets forth eight causes of action, each of them state law claims.  Nor is there any basis for diversity jurisdiction: Plaintiffs are citizens of Pennsylvania and New York, and likewise all Defendants are either citizens of Pennsylvania or New York.  (Doc. 15 at ¶¶ 1–14); *see Menan Co. v. Atl. Mut. Ins. Co.*, 147 F.3d 287, 290 (3d Cir. 1998) ("[Diversity] jurisdiction is lacking if any plaintiff and any defendant are citizens of the same state.").  Seeing no basis for maintaining subject matter jurisdiction over this mater, we must remand the case back to the Wayne County Court of Common Pleas, where the original complaint was lodged.

## IV.    CONCLUSION

For the foregoing reasons, we shall deny Plaintiffs' Motion for Remand, but upon a *sua sponte* review of the Second Amended Complaint, we shall remand this matter to the Wayne County Court of Common Pleas due to lack of subject matter jurisdiction.  A separate order shall issue in accordance with this ruling.